UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
(Civil Division)

| | | |
|---|---|---|
| MAHBOOB AHMED<br>901 Sixth Street, S.W., Apt. 102A<br>Washington, DC  20024 | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No.:_____ |
| LEVY PREMIUM FOODSERVICE, L.P.<br>d/b/a Levy Restaurants Company<br>980 North Michigan Avenue<br>Chicago, Illinois 60611 | ) ) ) ) ) | JURY DEMANDED |
| Serve:  Corporation Service Company<br>1090 Vermont Avenue, N.W.<br>Washington, DC 20005 | ) ) ) ) | |
| Defendant. | ) ) ) | |

## COMPLAINT

**COMES NOW** the Plaintiff Mahboob Ahmed, by and through undersigned counsel, and sues Defendant Levy Premium Foodservice, L.P. for the cause of action stated as follows:

## INTRODUCTORY STATEMENT

1.     Plaintiff Mahboob Ahmed ("Plaintiff" or "Mr. Ahmed") brings this civil action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, *et seq.*; 42 U.S.C. § 1981a; and the District of Columbia Human Rights Act, D.C. Code § 2-1401.01, *et seq.* ("DCHRA") for relief from discrimination based on his race (Asian), national origin (Bangladeshi), engagement in protected EEO activity, and being subjected to a hostile work environment during the course of his employment with Levy Restaurants Company.

1

2.      Defendant Levy Premium Foodservice, L.P. ("Defendant") discriminated against Plaintiff on the basis of his race (Asian), national origin (Bangladeshi), engagement in protected EEO activity, and subjected him to a hostile work environment during the course of his employment with the Defendant.

## PARTIES

3.      Plaintiff Mahboob Ahmed is currently domiciled at 901 Sixth Street, S.W., Apartment 102A, Washington, DC 20024, and is a United States citizen.  At all relevant times, Mr. Ahmed was an employee of Levy Restaurants Company

4.      Defendant Levy Premium Foodservice, L.P., d/b/a Levy Restaurants Company, is a national food service company that functions and operates in the District of Columbia.  Defendant is headquartered at 980 North Michigan Avenue, Chicago, Illinois 60611.

5.      Defendant is directly liable for the discriminatory acts or omissions of its agents, servants and employees while acting within the course and scope of its employment, under the theory of *Respondeat Superior*.

## JURISDICTION

6.      This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as it asserts a claim that arises under the Constitution, laws or treaties of the United States, specifically Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.  The Court further has supplemental jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as it asserts claims that arise under the District of Columbia Human Rights Act, D.C. Code § 2-1401.01, *et seq*.

7.      This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1343.

## VENUE

8.      Venue is appropriate and based on the fact that a substantial part of the actions complained of are the result of actions and the employment practices of the Defendant, which occurred in the District of Columbia.  28 U.S.C. § 1391.

9.      Venue is further appropriate because a substantial part of the events or omissions giving rise to this Complaint occurred within the business operations of Levy Restaurants, which is headquartered in the District of Columbia.  *Id.*

## EXHAUSTION OF REMEDIES

10.     Plaintiff has exhausted all of his administrative remedies.

11.     On or around November 2012, Mr. Ahmed timely filed and cross-filed a Charge with the District of Columbia Office of Humans Rights ("OHR") and the United States Equal Employment Opportunity Commission ("EEOC").

12.     On or around March 2013, Mr. Ahmed timely filed and cross-filed a Charge with the District of Columbia OHR and the EEOC.

13.     Mr. Ahmed timely files this action in accordance with both of the EEOC's Notices of Dismissal and Right to Sue, dated August 14, 2015, which provided Mr. Ahmed the right to file this Complaint within 90 days of receipt of the Notice.

14.     Plaintiff hereby timely files this action within 90-days after receipt of both of the EEOC's Notices of Dismissal and Right to Sue.

## FACTS

15.     Plaintiff hereby incorporates, by reference hereto, the facts, law, and/or allegations contained within the preceding paragraphs, as fully set forth herein.

16.     Mr. Ahmed was hired by Levy Restaurants in November 2011 as a Supervisor-Concessions.

17.     Beginning in February 2012 and through his termination, Mr. Ahmed was regularly subjected to offensive comments and derogatory language by subordinate employees, including being called a "Damn Indian" and a "Damn foreigner," which were also overheard by another employee.

18.     During a July 2012 meeting with General Manager Amy Alotta (non-Bangladeshi, American, no known EEO activity), Mr. Ahmed verbally complained to her about the derogatory and offensive comments that he was experiencing.

19.     A couple days after Mr. Ahmed's meeting with GM Alotta, Mr. Ahmed was again called a "Damned Indian" in front of GM Alotta by a subordinate employee.

20.     GM Alotta did not take any effective or remedial action to address Mr. Ahmed's complaints or against the co-worker who called him a "Damn Indian," even after Mr. Ahmed brought the comments to her attention.

21.     On or around July 27, 2012, GM Alotta provided Mr. Ahmed with a written warning for an alleged performance issue (*i.e.*, left lamplight on a stand).

22.     GM Alotta further provided Mr. Ahmed with a written warnings for an alleged performance issue (*i.e.*, leaving burner on and not taking trash out).

23.     Mr. Ahmed's co-worker (non-Bangladeshi, American, no known EEO activity) was known by GM Alotta to have left burn on at least two occasions but was not disciplined or provided a written warning like Mr. Ahmed.

24.     Mr. Ahmed's co-worker (non-Bangladeshi, American, no known EEO activity) was known by GM Alotta to also have left a lamplight on but was not written up like Mr. Ahmed.

25.     Almost immediately after Mr. Ahmed complained to GM Alotta, she began to closely scrutinize his work and provided him with harsher criticism.  GM Alotta neither closely scrutinized Mr. Ahmed's co-workers (non-Bangladeshi, American, no known EEO activity) nor criticized them to the same degree that she did Mr. Hameed.

26.     Additionally, GM Alotta assigned Mr. Ahmed with less desirable tasks that she did not require other supervisors (non-Bangladeshi, American, no known EEO activity) to perform.

27.     During an October 2012 meeting with Human Resources Director Demetria Kittles (non-Bangladeshi, American, no known EEO activity) and GM Alotta, Mr. Ahmed again complained about the discriminatory treatment that he was experiencing and specifically talked to her about the offensive comments to which he was being subjected.

28.     At the October 2012 meeting, Mr. Ahmed's hours were reduced from five (5) days to three (3) days and then one day, he was placed on a Performance Development Plan and he was suspended without pay.

29.     At the same time that Mr. Ahmed's hours were reduced, his co-worker's (African American, American, no known EEO activity) work hours were increased.

30.     On or around January 4, 2013, Mr. Ahmed and a co-worker were provided an outline of their duties and responsibilities.

31.     On or around January 14, 2013, the Defendant suspended Mr. Ahmed for a one-game event.

32.     On or around February 2, 2013, Mr. Ahmed complained, in writing, to Director of Operations Kevin Hill (non-Bangladeshi, American, no known EEO activity) regarding the disparate treatment and harassment that he was experiencing and named GM Alotta and Senior

Concessions Manager Tanisha Brown (African American, American, no known EEO activity) as individuals who were harassing and retaliating against him.

33.     About a week later, on or around February 11, 2013, the Defendant suspended Mr. Ahmed without pay.

34.     Less than two weeks later, on or around February 13, 2013, Defendant unlawfully terminated Mr. Ahmed's employment for allegedly failing to perform his duties (*i.e.*, watch food).

35.     Mr. Ahmed's co-worker (non-Bangladeshi, American, no known EEO activity) was also to have known by GM Alotta to have left food out but was not disciplined at all or as severely as Mr. Ahmed.

36.     Additionally, watching for whether food was left out was not a part of Mr. Ahmed's duties or responsibilities.

37.     Mr. Ahmed's co-worker, Crystal (non-Bangladeshi, American, no known EEO activity), had documented and known negative performance but was not terminated or similarly disciplined like Mr. Ahmed.

38.     Despite Mr. Ahmed's repeated EEO complaints, the Defendant did not take any effective or remedial action to address Mr. Ahmed's complaints.

39.     Since Mr. Ahmed believes that the treatment he received was a violation of his Title VII and DCHRA rights, Mr. Ahmed sought relief by complaining internally as well as submitting a Charge with the EEOC and OHR.

40.     Mr. Ahmed now timely files this Complaint for relief from the discriminatory and illegal treatment that he experienced as a result of the Defendant's misconduct.

## CAUSES OF ACTION

## COUNT ONE
### (Discrimination on the Basis of National Origin)

41.     Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth herein.

42.     As Bangladeshi, Plaintiff is a member of a protected class.

43.     Because of his national origin (Bangladeshi), Plaintiff was subjected to the unlawful conduct and adverse actions alleged throughout this Complaint, including being suspended without pay, being placed on a Performance Development Plan, having his hours reduced and terminated, in violation of Title VII and the DCHRA.

44.     Defendant's foregoing unlawful adverse actions materially affected the terms, privileges and conditions of Plaintiff's employment since he had a significant change in his duties and responsibilities.

45.     Defendant knew that Plaintiff is Bangladeshi prior to subjecting Plaintiff to the aforementioned material adverse employment actions and was aware of the discrimination Plaintiff was subjected because of his national origin (Bangladeshi).

46.     Plaintiff has been treated differently and subjected to different terms and conditions of his employment due to his national origin (Bangladeshi).

47.     Defendant has limited, segregated and classified Plaintiff in a way that deprived him of employment opportunities and otherwise adversely affected his status as an employee because of his national origin (Bangladeshi).

48.     As stated above, other employees who were similarly situated, but members of a different class than Plaintiff, have been treated more favorably then Plaintiff in the terms and conditions of employment.

7

49.     Similarly situated non-Bangladeshi employees have not been terminated, for having the same or similar or more egregious misconduct.

50.     Plaintiff's national origin (Bangladeshi) was a determining factor in Defendant's unlawful conduct toward Plaintiff.

51.     Plaintiff's national origin (Bangladeshi) was a motivating factor in Defendant's unlawful conduct toward Plaintiff.

52.     The reasons proffered by Defendant for its unlawful conduct are pretextual and Defendant cannot further offer any legitimate reason for its unlawful conduct.

53.     Defendant's aforementioned conduct has been intentional, deliberate, willful, malicious, reckless and in callous disregard of the rights of Plaintiff because of his national origin (Bangladeshi).

54.     Defendant discriminated against Plaintiff because of his national origin (Bangladeshi) by engaging in, tolerating or failing to prevent discrimination and by failing to take affirmative action to correct and redress the unlawful employment practices perpetrated against Plaintiff.

55.     As a direct and proximate cause of Defendant's conduct alleged throughout this Complaint, Plaintiff suffered and continues to suffer from harm, injury and monetary damages – including but not limited to past and future loss of income, benefits, promotion and promotional opportunities, career opportunities, medical expenses and costs – and is entitled to all available legal and equitable remedies.

56.     Plaintiff was humiliated, embarrassed and made to endure a great amount of pain and suffering, and his injury is permanent in nature.  Further, Defendant's treatment and actions were ongoing.

57.     Plaintiff has incurred lost wages, loss of reputation and loss of career opportunity now and into the future, and all of the other losses stated without Plaintiff contributing in any way thereto.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court:

   a.   Award compensatory damages;

   b.   Award punitive damages;

   c.   Damages and equitable relief for all harm Plaintiff has sustained as a result of Defendant's unlawful conduct including for loss of promotional potential, reputation, lost wages, lost job benefits he would have received but for Defendant's unlawful conduct;

   d.   Award any medical costs and expenses incurred as a result of Defendant's unlawful conduct;

   e.   Award reasonable attorney fees, costs, and expenses incurred for this action;

   f.   Order Defendant to institute a policy and procedure to be implemented against discrimination;

   g.   Equal Employment Opportunity training for Defendant and the supervisory officials at issue herein;

   h.   Supervisory training for the supervisors at issue herein;

   i.   Award equitable, declaratory, and injunctive relief; and

   j.   Award such other and further relief as this Honorable Court deems just and proper.

## <u>COUNT TWO</u>
### (Discrimination on the Basis of Race)

58.     Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth herein.

59.     As an Indian, Plaintiff is a member of a protected class.

60.     Because of his race (Indian), Plaintiff was subjected to the unlawful conduct and adverse actions alleged throughout this Complaint, including being suspended without pay, being placed on a Performance Development Plan, having his hours reduced and terminated, in violation of Title VII and the DCHRA.

61.     Defendant's foregoing unlawful adverse actions materially affected the terms, privileges and conditions of Plaintiff's employment since he had a significant change in his duties and responsibilities.

62.     Defendant knew that Plaintiff is Indian prior to subjecting Plaintiff to the aforementioned material adverse employment actions and was aware of the discrimination Plaintiff was subjected because of his race (Indian).

63.     Plaintiff has been treated differently and subjected to different terms and conditions of his employment due to his race (Indian).

64.     Defendant has limited, segregated and classified Plaintiff in a way that deprived him of employment opportunities and otherwise adversely affected his status as an employee because of his race (Indian).

65.     As stated above, other employees who were similarly situated, but members of a different class than Plaintiff, have been treated more favorably then Plaintiff in the terms and conditions of employment.

66.     Similarly situated non-Indian employees have not been terminated, for having the same or similar or more egregious misconduct.

67.     Plaintiff's race (Indian) was a determining factor in Defendant's unlawful conduct toward Plaintiff.

68.     Plaintiff's his race (Indian) was a motivating factor in Defendant's unlawful conduct toward Plaintiff.

69.     The reasons proffered by Defendant for its unlawful conduct are pretextual and Defendant cannot further offer any legitimate reason for its unlawful conduct.

70.     Defendant's aforementioned conduct has been intentional, deliberate, willful, malicious, reckless and in callous disregard of the rights of Plaintiff because of his race (Indian).

71.     Defendant discriminated against Plaintiff because of his race (Indian) by engaging in, tolerating or failing to prevent discrimination and by failing to take affirmative action to correct and redress the unlawful employment practices perpetrated against Plaintiff.

72.     As a direct and proximate cause of Defendant's conduct alleged throughout this Complaint, Plaintiff suffered and continues to suffer from harm, injury and monetary damages – including but not limited to past and future loss of income, benefits, promotion and promotional opportunities, career opportunities, medical expenses and costs – and is entitled to all available legal and equitable remedies.

73.     Plaintiff was humiliated, embarrassed and made to endure a great amount of pain and suffering, and his injury is permanent in nature.  Further, Defendant's treatment and actions were ongoing.

74.     Plaintiff has incurred lost wages, loss of reputation and loss of career opportunity now and into the future, and all of the other losses stated without Plaintiff contributing in any way thereto.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court:

   a.   Award compensatory damages;

   b.   Award punitive damages;

c.  Damages and equitable relief for all harm Plaintiff has sustained as a result of Defendant's unlawful conduct including for loss of promotional potential, reputation, lost wages, lost job benefits he would have received but for Defendant's unlawful conduct;

d.  Award any medical costs and expenses incurred as a result of Defendant's unlawful conduct;

e.  Award reasonable attorney fees, costs, and expenses incurred for this action;

f.  Order Defendant to institute a policy and procedure to be implemented against discrimination;

g.  Equal Employment Opportunity training for Defendant and the supervisory officials at issue herein;

h.  Supervisory training for the supervisors at issue herein;

i.  Award equitable, declaratory, and injunctive relief; and

j.  Award such other and further relief as this Honorable Court deems just and proper.

## COUNT THREE
### (Discrimination on the Basis of Reprisal)

75.  Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth herein.

76.  Plaintiff complained to his supervisors of the unlawful, hostile and discriminatory and retaliatory treatment which he was being subjected.

77.  Since February 2012 and continuing through his termination, Plaintiff regularly made several complaints of disparate treatment and discrimination to his supervisors, including but not limited to his immediate supervisor, General Manager, Human Resources Director, the Director of Operations.

78.  Since Plaintiff's EEO complaints were not resolved and no action was taken to resolve them, Plaintiff filed two Charges of Discrimination with the United States Equal

Employment Opportunity Commission ("EEOC") and the District of Columbia Office of Human Rights ("OHR").

79.     On or around November 2012, Mr. Ahmed contacted and filed a Charge of Discrimination with the EEOC and OHR for the discriminatory, retaliatory and harassing conduct to which he was being subjected.

80.     On or around March 2013, Mr. Ahmed contacted and filed a Charge of Discrimination with the EEOC and OHR for the discriminatory, retaliatory and harassing conduct to which he was being subjected.

81.     Upon information and belief, Plaintiff's EEO complaints were not investigated by the Defendant.

82.     Shortly after filing complaining of the discriminatory treatment, Plaintiff began to be treated differently from his similarly situated co-workers and from how he was treated prior to complaining about the disparate treatment and discrimination.   Specifically, his supervisors' treatment became even more hostile after Plaintiff began to complain about the disparate treatment he was experiencing.

83.     Since engaging in protected EEO activity, Plaintiff has been subject to retaliatory adverse actions by Defendant, including being unjustly scrutinized, being the only supervisor required to perform less desirable tasks, not having his complaints investigated, receive undeserved criticism, suspended without pay, placed on a Performance Development Plan, provided a written reprimand, having his hours reduced and terminated, and other conduct at issue in this Complaint.

84.     Similarly situated co-workers (no prior EEO activity) were not subjected to the same adverse treatment or any adverse treatment.

85.     Defendant engaged in reprisal against Plaintiff because he opposed Defendant's discriminatory practices and participated in EEO activity.

86.     The adverse retaliatory actions to which Plaintiff has been subjected are directly a result of Plaintiff having previously engaged in protected EEO activity.

87.     Plaintiff complained to his supervisor and through his chain of command about the discrimination he was experiencing.  As such, Defendant and Plaintiff's supervisors knew of Plaintiff's participation in protected EEO activity before subjecting him to the aforementioned adverse employment actions.

88.     As a result of Plaintiff's open opposition to Defendant's discriminatory treatment, Plaintiff was routinely retaliated against by his supervisors, who engaged in a persistent pattern of severe or pervasive harassment set forth herein, which created a hostile and offensive workplace.

89.     The adverse treatment that Plaintiff was being subjected to by Defendant was in front of and obvious to his co-workers.

90.     As a direct and proximate cause of Defendant's conduct alleged throughout this Complaint, Plaintiff suffered and continues to suffer from harm, injury and monetary damages – including but not limited to past and future loss of income, benefits, promotion and promotional opportunities, career opportunities, medical expenses and costs – and is entitled to all available legal and equitable remedies.

91.     Plaintiff was humiliated, embarrassed and made to endure a great amount of pain and suffering, and his injury is permanent in nature.  Further, Defendant's treatment and actions were ongoing.

92.     Plaintiff has incurred lost wages, loss of reputation and loss of career opportunity now and into the future, and all of the other losses stated without Plaintiff contributing in any way thereto.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court:

    a.  Award compensatory damages;

    b.  Award punitive damages;

    c.  Damages and equitable relief for all harm Plaintiff has sustained as a result of Defendant's unlawful conduct including for loss of promotional potential, reputation, lost wages, lost job benefits he would have received but for Defendant's unlawful conduct;

    d.  Award any medical costs and expenses incurred as a result of Defendant's unlawful conduct;

    e.  Award reasonable attorney fees, costs, and expenses incurred for this action;

    f.  Order Defendant to institute a policy and procedure to be implemented against discrimination;

    g.  Equal Employment Opportunity training for Defendant and the supervisory officials at issue herein;

    h.  Supervisory training for the supervisors at issue herein;

    i.  Award equitable, declaratory, and injunctive relief; and

    j.  Award such other and further relief as this Honorable Court deems just and proper.

## COUNT FOUR
### (Hostile Work Environment)

93.     Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth herein.

94.     As a result of Plaintiff's protected class (race (Asian), national origin (Bangladeshi) and/or engagement in protected EEO activity), Plaintiff's supervisors routinely humiliated

Plaintiff and engaged in persistent pattern of severe and pervasive harassment as set forth herein, which created a hostile and offensive workplace environment in violation of Title VII and the DCHRA.

95.     Plaintiff was regularly and continually subjected to harassing conduct that alleged throughout this Complaint, including but not limited to including being called derogatory names, being unjustly scrutinized, being the only supervisor required to perform less desirable tasks, not having his complaints investigated, being placed on a Performance Development Plan, being provided a written reprimand, and receiving undeserved harsh criticism, which created a hostile and abusive work environment.

96.     Plaintiff believes that he was subjected to a hostile work environment based on his race (Asian), national origin (Bangladeshi), and/or engagement in protected EEO activity.

97.     Defendant's unlawful conduct was unwelcome.

98.     Defendant's deliberate conduct of the adverse actions referred to throughout this Complaint created a hostile and abusive work environment.

99.     Plaintiff was subjected to harassment because his race (Asian), national origin (Bangladeshi) and/or engagement in protected EEO activity, and it unreasonably interfered and affected a term, condition, or privilege of Plaintiff's employment.

100.    Defendant knew or should have known of the harassment.  Defendant failed to adequately investigate the harassment and took no effective, immediate or remedial action. Despite Plaintiff's complaints, the harassment continued unabated and increased over time.

101.    By failing to take appropriate and effective remedial action against Plaintiff's supervisors, Defendant acted with malice or with reckless or callous indifference to Plaintiff's complaints.

16

102.   As a direct and proximate cause of Defendant's conduct alleged throughout this Complaint, Plaintiff suffered and continues to suffer from harm, injury and monetary damages – including but not limited to past and future loss of income, benefits, promotion and promotional opportunities, career opportunities, medical expenses and costs – and is entitled to all available legal and equitable remedies.

103.   Plaintiff was humiliated, embarrassed and made to endure a great amount of pain and suffering, and his injury is permanent in nature.  Further, Defendant's treatment and actions were ongoing.

104.   Plaintiff has incurred lost wages, loss of reputation and loss of career opportunity now and into the future, and all of the other losses stated without Plaintiff contributing in any way thereto.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court:

a.   Award compensatory damages;

b.   Award punitive damages;

c.   Damages and equitable relief for all harm Plaintiff has sustained as a result of Defendant's unlawful conduct including for loss of promotional potential, reputation, lost wages, lost job benefits he would have received but for Defendant's unlawful conduct;

d.   Award any medical costs and expenses incurred as a result of Defendant's unlawful conduct;

e.   Award reasonable attorney fees, costs, and expenses incurred for this action;

f.   Order Defendant to institute a policy and procedure to be implemented against discrimination;

g.   Equal Employment Opportunity training for Defendant and the supervisory officials at issue herein;

17

   h.   Supervisory training for the supervisors at issue herein;

   i.   Award equitable, declaratory, and injunctive relief; and

   j.   Award such other and further relief as this Honorable Court deems just and proper.

## EQUITABLE RELIEF

105.   Plaintiff hereby incorporates, by reference hereto, the facts, law, and/or allegations contained within the preceding paragraphs, as fully set forth herein.

106.   Because of the actions alleged herein, the continued employment of the supervisors at issue herein without training in equal employment opportunity law, rules and regulations, present clear and present dangers to the employees of Defendant and could result in further illegal actions on the party of Defendant, by and through its agents, servants and employees.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court:

   a.   Order the Defendant to institute a policy and procedure to be implemented against discrimination;

   b.   Equal Employment Opportunity training for Defendant and the supervisory officials at issue herein;

   c.   Supervisory training for the supervisors at issue herein; and

   d.   Such other and further relief as this Court deems just and proper.

## JURY DEMAND

107.    Plaintiff demands a trial by jury on all issues set forth herein.

Respectfully submitted,

By:    *edonna williams ruch /rbz*
———————————————————
DONNA WILLIAMS RUCKER
   (D.C. Bar No. 446713)
MACKENZIE B. COY
   (D.C. Bar No. 1004847)
RUCKER & ASSOCIATES, P.C.
888 Sixteenth Street, N.W., Suite 800
Washington, DC 20006
Office: (202) 349-9830
Facsimile: (202) 355-1399
Email: drucker@ruckerlawpc.com
          mcoy@ruckerlawpc.com

November 13, 2015                     Counsel for Plaintiff